# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | NO. CR-11-00233-003-HE |
| ) | NO. CIV-12-1129-HE |
| JOSE SALVADOR FLORES-TORRES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Flores-Torres, pleaded guilty to a single count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and was sentenced to a term of imprisonment of 168 months, with 36 months of supervised release. Judgment was entered on March 26, 2012. The defendant did not appeal, but on October 12, 2012, filed an application challenging his conviction and sentence, pursuant to 28 U.S.C. § 2255.[1]

Defendant asserts one ground for relief in his habeas petition, alleging ineffective assistance of counsel. The government responds that the motion should be denied because, as part of his plea agreement, defendant waived his right to appeal or collaterally attack his guilty plea and sentence. It acknowledges that defendant may, despite the waiver, assert ineffective assistance of counsel in connection with the negotiation or entry of the plea. However, it asserts defendant's unsubstantiated allegations are insufficient to invalidate the waiver and that the record demonstrates that defense counsel explained to defendant, and he understood, both the terms of the plea agreement and the maximum sentence he faced. The court agrees.

---

[1] Defendant requested and was granted several extensions of time within which to file a memorandum and affidavit in support of his § 2255 motion. He never filed either, though he did file a reply brief.

The Tenth Circuit generally enforces plea agreements that waive appellate rights, United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005), and "collateral attack rights brought under § 2255." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). An exception exists, though, for ineffective assistance of counsel claims "challenging the validity of the plea or the waiver." Cockerham, 237 F.3d at 1187. To prevail on an ineffective assistance claim a defendant must show both that "counsel's performance fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." United States v. Tucker, 298 Fed.Appx. 794, 800 (10th Cir. 2008) (unpublished) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). The court "may consider the performance and prejudice prongs in either order; and if Defendant fails to meet his burden on one prong, [it] need not consider the other." United States v. Stewart, 2013 WL 3928989 at *2 (10th Cir. July 31, 2013).

Defendant's ineffective assistance of counsel claim pertaining to his plea "fall[s] into the protected category that survives a waiver." Cockerham, 237 F.3d at 1188. He contends he was induced to plead guilty by his counsel's threat to withdraw and her promise of dismissal of charges[2] and a ten year capped sentence under a Fed.R.Crim.P. 11(c)(1)C) plea agreement. As a result of his counsel's alleged conduct, defendant claims his plea was involuntary and unknowing. He also claims he was prejudiced because, if he had "pled guilty to a Rule 11(c)(1)(C) plea agreement as his attorney advised," his sentence would have been capped at 10 years or, if he had proceeded to trial, he might have been acquitted as the

---

[2]The basis for this assertion is unclear as the government did dismiss a second charge against defendant when it filed the superseding information.

government lacked credible evidence of his involvement in the charged conspiracy.  Doc. #496, p. 9.

Defendant's assertions are contrary to documents he signed in conjunction with entering his plea and statements he made at the time he pleaded guilty.  On his petition to enter plea of guilty [Doc. 270], defendant indicated that his guilty plea was "made voluntarily and completely of [his] own free choice, free of any force or threats or pressures from anyone."  *Id.* at ¶39.  During the plea hearing defendant responded "no" when asked by the court if anyone had threatened him or coerced him in any way in order to get him to plead guilty.  Doc. #502, p. 16.[3]  When accepting defendant's plea of guilty, the court also found, based on defendant's answers to the court's and counsels' questions, that he was competent to enter the plea and was "doing so voluntarily and with a full understanding of the rights that [he was] giving up through it."  *Id.* at p. 25.

In his reply defendant refers to the transcript of the plea hearing to support his assertion that, during the sentencing hearing, he realized that the plea agreement he made was markedly different from that to which he had actually pleaded and he engaged in a heated discussion with counsel during the hearing and "demanded either specific performance" of the agreement he had made previously or a "that counsel seek a continuance of the sentencing hearing so that the matter could be resolved between the parties and the Court." Doc. #514, p. 5.  Defendant fails, though, to cite to any specific pages in the transcript and the court has been unable to find anything in the transcript of either the plea or sentencing hearing that supports his assertion.

Defendant has offered nothing other than his own conclusory allegations to demonstrate that he pleaded guilty because his attorney threatened to withdraw from the case.

---

[3]Defendant admits that he was asked this question.  Doc. #514, p. 8.

That is insufficient to warrant habeas relief, in light of the evidence in the record showing that he knowingly and willingly pleaded guilty. *See* United States v. Bell, 437 Fed.Appx. 658, at 662 (10th Cir. 2011) (unpublished) ("Defendant has the burden to present evidence establishing that the waiver was not knowing and voluntary.")

Defendant's contention that he was misled into pleading by "counsel's deceit regarding the terms and conditions of the plea agreement to which he agreed to plead" is similarly unsubstantiated and unavailing. Doc. #496, p. 8. He again offers no proof of misstatements by counsel and everything he signed and said in conjunction with the entry of his plea belies his claim.

In his petition to enter plea of guilty, defendant acknowledged that his sentence was "solely a matter for the judge to decide," and that he understood that the maximum sentence for the offense to which he wanted to plead guilty was "not more than twenty (20) years imprisonment . . . ." Doc. #270, ¶¶ 18, 19, 32. He also indicated under oath in his plea petition that no one had made any promise that caused him to plead guilty aside from the plea agreement itself. *Id.* at ¶ 41. During the change of plea hearing, defendant was again advised that the potential punishment for the charge against him was 20 years, Doc. #502, pp. 7, 12, and that, despite having entered a plea of guilty, it was possible that his sentence might be the same as what he "would have gotten if [he] had been found guilty by the jury after a trial." *Id.* at p. 14. Defendant was specifically asked whether "any government officer or anybody else" had promised him "a particular sentence or lighter sentence if [he] would come in . . . and plead guilty." Doc. #502, p. 20. He answered "No."[4] *Id.*

---

[4]*Defendant makes the statement that if he had pleaded guilty to a Rule 11(c)(1)(C) plea agreement "as his attorney advised" he would have received a ten year, rather than 14 year, sentence. Doc. #496, p. 9. Even if there had been some discussion of a Rule 11(c)(1)(C) plea agreement, defendant knew at the time he executed the plea agreement that "[t]he parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B)" Doc. #325, ¶7. By*

Defendant faults the government for failing to provide an affidavit from his attorney, yet ignores the fact that he could have, but did not, submit his own affidavit. He also ignores the fact that he has the burden of proving that his counsel's performance was constitutionally deficient, not the government, and that there is plenty of evidence in the record, specifically the plea agreement, petition to enter plea of guilty and plea hearing transcript, that supports the government's position.

In the absence of anything more than a general assertion by defendant that his plea was involuntary and entered into unknowingly, and in light of his statements, both oral and written, that he understood the terms of the plea agreement, the potential sentence he could receive and that his sentence would be determined by the court, the court concludes defendant has not shown his counsel's performance was deficient with respect to the entry of his plea. As defendant has failed to satisfy his burden on the performance prong of the Strickland test, the court does not have to determine whether he has shown he was prejudiced.[5]  Stewart, 2013 WL 3928989, at *2.

Accordingly, defendant's § 2255 [Doc. #496] motion is **DENIED**. An evidentiary hearing is unnecessary to the determination of these issues.[6]  *See* 28 U.S.C. § 2255(b)

---

*signing the agreement he "acknowledge[d] that he [had] discussed its terms with his attorney and [understood] and [accepted] those terms." Id. at ¶16.  He further acknowledged that the "document contain[ed] the only terms of the agreement concerning his plea of guilty in [the] case, and that there [were] no other deals, bargains, agreements, or understandings which modif[ied] or alter[ed] [those] terms." Id. Moreover, a Rule 11(c)(1)(C) plea agreement is contingent on its acceptance by the court.*

[5]*Defendant's statement in his § 2255 petition that the government lacked evidence to establish the conspiracy charge is controverted by his own admission that he committed the crime. See Doc. #270, ¶¶48(b);49; Doc. #502, pp. 22-23.*

[6]*Defendant argues that a hearing is necessary because, while he admits that "he was specifically asked if he was threatened or coerced to get him to enter a plea of guilty, he was not specifically asked if his attorney had threatened to withdraw as counsel if he did not enter a guilty plea." Doc. #514, p. 8. The court's question was sufficient to elicit a response from defendant if his attorney had coerced him into pleading by threatening to withdraw. An evidentiary hearing*

(prompt hearing required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED**.

    Dated this 2nd day of December, 2013.

                                       JOE HEATON
                                       UNITED STATES DISTRICT JUDGE

---

*therefore is not required. This conclusion is bolstered by the lack of any evidence substantiating defendant's claim of coercion.*